

In the United States District Court
For the Eastern District of North Carolina
Western Division
No. 5:25-CV-60159-D

| | |
|---|---|
| RISE' H. Hoyle ) | **COMPLAINT** |
| ) | **CAUSE OF ACTION** |
| Plaintiff, ) | **PRAYER FOR RELIEF** |
| v. ) | |
| CUMBERLAND COUNTY HOSPITAL ) | |
| SYSTEMS d/b/a Cape Fear Valley ) | |
| Medical Center Inc. ) | **JURY TRIAL DEMANDED** |
| Defendant, ) | |

The Plaintiff is refiling this case it went Moot and was dismissed without Prejudice by the Honorable Court Judge Dever III on March 7th, 2025 Previous case No 5:24-CV-65-D.

The plaintiff is a 62-year-old of mixed race and ethnicity however she is considered a white /Caucasian female living in Fayetteville North Carolina and has since 2019, when she returned to Cape Fear Valley Medical Center for work and relocated permanently to stay with Cape Fear Valley Medical Center until her retirement or death whichever came first. The Plaintiff was employed by the Defendant in 2011 and again in 2019 through August 27,2021 until her wrongful termination.

Plaintiff left CCHS after her MVA on good terms with extensive medical issues. During her previous employment Sheila Bryant RN on 3 VPS oriented the Plaintiff to PCU/3 VPS in 2011 without any complaints with Robin Faircloth RN as her PCM. Bryant was a Black/African

American female who completed Plaintiff's orientations and evaluation in 2011, and in a satisfactory manner.

Plaintiff completed her evaluation in the ED with Kevin Kim a male of Asian descent, a different national origin, also completed in a satisfactory manner in 2020.

Plaintiff completed her orientation with Manny Watson of German Descent and German born with different nationality and origin also in a satisfactory manner in 2019. The plaintiff worked for two years without any complaints of discrimination from any other department prior to two days before her termination.

Plaintiff had only seven days of orientation to Five South and that was completed satisfactorily while most orientations are typically four to eight weeks. Plaintiff had seven shifts with various nurses orienting her to the unit, one was Amanda RN Hispanic in origin (of Mexico, the same location as Plaintiff's son-in-law and the father of her grandchildren), Andrea RN Black/African American and Shenice RN also black/African American also in a satisfactory manner.

## COMPLAINT

The Plaintiff desires to Amend her Complaint of Discrimination based on her race, age, national origin and disability under Title VII of 1964 as amended, therefore receiving differential treatment because of her disabilities by allowing other nursing staff to have rooms closer together to prevent extensive walking by Non-white and Non-American workers; many working the U.S. on work visas, or other younger travel Nurses. Other nurses had the right to work on Five South providing them rooms with patients in closer proximity, while forcing undue suffering to the plaintiff and forcing her to go to units before any other individuals and denying her right for

accommodations to prevent walking on her left foot which had major surgery May 11, 2021, and forcing her to walk in excess of 12,000 steps or six miles per day.

## I. CAUSE OF ACTIONS

**(Violation of Title VII of the Civil Rights Act of 1964 as amended) and continues.**

Plaintiff realleges and incorporates by reference in this amended complaint

The defendant, by and through its agent and employees Jerri Lynn Musselwhite, Alicia Shields, Bryon Mudd and its agent Michael Becker subjected the Plaintiff to unlawful acts of a hostile environment of harassment and discrimination of the Civil Rights Act of 1964 as amended, 42 U.S.C.§ et seq.

The Defendants unlawfully terminated the plaintiff's employment in retaliation for her opposition to their unlawful employment practices in violation of Title VII.

The Defendants' opposition to unlawful employment practices have deprived Plaintiff of equal employment opportunities and have adversely affected her status as an employee because of her age, race, ethnicity, disability and because of her opposition to unlawful practices and retaliation.

As a result of Defendants' unlawful employment practices Plaintiff has sustained and continues to sustain pecuniary damages, in the form of back pay and front pay, as well as non-pecuniary damages including but not limited to emotional distress and anxiety, pain and suffering, humiliation, embarrassment, and loss of peace of mind. Accordingly, the plaintiff is entitled to recover compensatory damages of the defendant, Cumberland County Hospital System Inc,

The Defendants unlawful employment practices were willful, wanton, and malicious or were conducted in a manner which demonstrates a reckless and wanton disregard for the Plaintiff's rights under federal law within the meaning of 42 U.S.C.§ 1981. As a result of the Defendant's conduct. The plaintiff is entitled to recover compensatory damages of the Defendant Cumberland County Hospital Systems.

### 1. DISCRIMINATION

The Plaintiff desires to Amend her complaint as her previous complaint was dismissed without prejudice by Magistrate Court Judge Numbers which grants the right to amend complaint for reconsideration of Discrimination as a protected "race, color, religion, sex, or national origin."

Plaintiff is of a Protected Race with a disability. Disability was not considered as Title VII as reviewed by Magistrate Court Judge Numbers; however, plaintiff respectfully lists disability for consideration.

***The First Elements*** are in response to Title VII of the Civil Rights Act of 1964, which includes discrimination, harassment, and retaliation, based on age, race, ethnicity, and disability as Amended ("Title VII"). "Act of 1964, 42 U.S.C. " 2000e to 2000e-17 (1994) (race, color, sex, national origin, and religion); *PHILLIPS v. STARBUCKS* CORPORATION, No. 1:2019cv19432 - Document 179 (D.N.J. 2023) case opinion from the District of New Jersey US Federal District Court. the American" *Zvolanek v. Colorado*, Civil Action No. 15-cv-02820-GPG, 2 (D. Colo. Mar. 17, 2016) the Americans with Disabilities Act of 1990, 42 U.S.C. " 12101 to 12213 (1994) (disability).

The plaintiff is a natural born citizen of the United States and according to the Constitution is a protected individual who is Caucasian with a disability. The ADA defines "disability" "with respect to an individual," and § 12102(2), makes clear that Congress intended the existence of a disability to be determined in such a case-by-case manner. See, e. g., Sutton v. United Air Lines, Inc., 527 U. S. 471, 483. The plaintiff is of mixed race but is considered white or Caucasian and this is a case of "Reverse Discrimination." CIVIL ACTION NO. 19-19432 08-31-2022" *Phillips v. Starbucks Corp.*, 624 F. Supp. 3d 530, (D.N.J. 2022). Plaintiff was participating in a protected activity while working. CCHS has over 7000 employees in Fayetteville and many others throughout Southeastern North Carolina.

The Plaintiff is of a protected class as a person with disabilities and determined by Cape Fear Valley Medical Center (CCHS) to be qualified for both short term and long-term disability after an MVA in 2011 under the Title VII Americans with Disabilities Act of 1990 (ADA) under

42 U.S. Code § 12101et seq., to include disabilities and by the Social Security Administration in April of 2014. *The Americans with Disabilities Act Amendments Act of 2008 (Pub. L. 110-325) (ADAAA) amended sections 12101, 12102, 12111 to 12114, 12201 and 12210 of the ADA and section 705 of the Rehab Act. The ADAAA also enacted sections 12103 and 12205a and redesignated sections 12206 to 12213. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184* (2002).

The plaintiff was forced to hear non-citizen travel nurses with H-1B and EB-3 Green Card visas discuss their hourly wages of $95.00 per hour," while Plaintiff with many years of experience was paid a mere hourly sum of $28.02 per hour. *Kellogg v. Ball State University, No. 20-1406 (7th Cir. 2021).*

Plaintiff inquired about two positions in early March 2021; one as a Nurse educator, and the other as Patient Care Manager, as Heather Mason PCM was leaving. The nurse Educator position was given to Allyson Fisher, a younger RN in her early twenties who had just graduated in 2019. The Patient Care Manager position was filled by another younger RN who graduated in 2015, Jerri Lynn Musselwhite. Both positions required three to five years of experience in that field according to CFVMC web site. The Plaintiff was in her late 50's and had been an RN since 2010, with 18 years of LPN experience including positions of charge requiring management skills. *Hadley v. County of Du Page*, 715 F.2d 1238 (7th Cir. 1983). O'Connor, 517 U.S. at 312-313, 116 S.Ct.1307, 134 L.Ed.2d 433.

The Plaintiff was never considered for either position. The Human resource department at CCHS is primarily Black/African Americans to include Alicia Shields as the Human Resource Manager and Byron Mudd, Human Resource Employee Relations Specialist. The Plaintiff is of white race but believes this case to be of reversed racism *Beneker v. CBS Studios, Inc., No. 2:24-*

*cv-01659 (C.D. Cal. 2024)* and *Duvall v. Novant Health, Inc., — F.4th —, 2024 WL 1057768 (4th Cir. Mar. 12, 2024)* "stating that all whites are racist [and] that white individuals created the concept of race in order to justify the oppression of people of color." PHILLIPS v. STARBUCKS CORPORATION, No. 1:2019cv19432 - Document 179 (D.N.J. 2023) case opinion from the District of New Jersey US Federal District Court.

The new Patient Care Manager PCM "Musselwhite," became her manager while Plaintiff was away having surgery and during her recovery period. **The Second Element,** Plaintiff and Musselwhite had less than 18 days to work together given the fact that the Plaintiff was the first to float to other units over foreign travelers, non-US citizens on H-1B visas and EB Green Card nurses. In addition to other travelers within the hospital these people were treated more favorably with pay and given rooms in closer proximity preventing them from the extensive walking encountered by the Plaintiff creating pain and suffering. "Musselwhite" did in fact follow and harass the plaintiff, taking notes, even following her to the bathroom and timing her, without using the bathroom herself and continuing taking notes believed to be used against the plaintiff. "Musselwhite" had the intent to find a reason for her wrongful termination even witnessing the plaintiff's difficulty with walking, she refused to offer any form of disability accommodations. Even though she seemed to befriend her, "Musselwhite," had an ulterior motive with regards to the Plaintiff.

During the process of following the Plaintiff and rechecking her work, "Musselwhite" asked about pain medication for the black man in 512. "Musselwhite" provided the description of the man while in the hallway. The plaintiff never gave any description in the hallway as it violated his HIPPA rights. Musselwhite was across the hall when the plaintiff was questioned and to protect herself, Musselwhite made false allegations to Alicia Shields in HR against the plaintiff to protect

her own job. Randy Gilooly, Plaintiff-appellant, v. Missouri Department of Health ...Justia Law › cases › federal › appellate-courts Aug 31, 2005 ... **Alagna v. Smithville R-II, 324 F.3d 975, 979 (8th Cir. 2003); Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 965 (8th Cir. 1999).**

"Musselwhite" concluded Plaintiff was racist on August 26th, 2021, after working with her less than 18 days. This determination was made on the last two days the plaintiff worked on Five south. "Musselwhite" made this determination without an evaluation or individual discussion and submitted allegations on Plaintiff's Day off to Human Resources, Alicia Shields. National Labor Relations Board, Petitioner, v. Utell International, Inc ...

***The Third Element*** to have a previous dismissal to her complaint and without prejudice was an adverse employment action, which was previously stated to this court of harassment by following her throughout her shift by "Musselwhite." Harassment, even by following her to the bathroom and Musselwhite watching her watch as to time the Plaintiff. While plaintiff had the right to use the bathroom without harassment, this was an invasion of Plaintiff's personal privacy and unwelcome harassment by Musselwhite, who left the bathroom and followed the Plaintiff down the hallway not using the restroom. It was obvious Musselwhite was timing her while Plaintiff used the bathroom. "Musselwhite" appeared to be friendly and concerned, deceiving the Plaintiff into believing she was a caring individual, who would eventually help her receive accommodations.

"Musselwhite" had a lack of Managerial Skills and held a BSN degree and was equally educated but younger with less experience than the Plaintiff. "Musselwhite" was only concerned with her new management position and not the health and welfare of the Plaintiff and neither was the Defendant and its representatives. Plaintiff was harassed by "Musselwhite," who followed her and double checked her work as a form of intimidation but denying her the right to

accommodations due to her major foot operations and other medical issues. Plaintiff did suffer at the hands of "Musselwhite, Shields, Mudd, and CCHS" for wrongful dismissal for failure to investigate and failure to accommodate her request for reasonable accommodations.

CCHS did make accommodations for a younger Filipino nurse with the same level of education. Plaintiff was not afforded the same opportunity as the Filipino BSN nurse who needed accommodations and was provided accommodations in an RN Case Management position at the Hoke Campus. This job did prevent extensive walking and offered her the ability to sit. There were other positions that were open to the Plaintiff but "Musselwhite with her lack of management experience and determination not to perform bedside nursing, felt the Plaintiff was a potential threat to her position as she sought reasons for plaintiff to be terminated and concluded that the Plaintiff was racist as a means to support her position.

Human Resources Director Alicia Shield's and Bryon Mudd HR Employee Relations both black African American's agreed without once discussing the matter with the white plaintiff. PHILLIPS v. STARBUCKS CORPORATION, No. 1:2019cv19432 - Document 179 (D.N.J. 2023) case opinion from the District of New Jersey US Federal District Court.

## 2. HARRASSMENT

Due to Magistrate Court Judge affording plaintiff the right to amend her complaint as it was dismissed without Prejudice. "Musselwhite" followed Plaintiff to the bathroom, timing her violating her right to privacy.

The Plaintiff considered this to be harassing and embarrassing. The female "Musselwhite" is not married, and the Plaintiff is married. The Plaintiff believes timing may not have been the only reason "Musselwhite" followed her to the bathroom and failed to use it herself. The Plaintiff

Case No     Page 8 of 19
Case 5:25-cv-00159-D-RJ     Document 1     Filed 03/24/25     Page 8 of 19

does not have a large intestine as a result of her 2011 MVA and needed more time in the bathroom. "Musselwhite" befriended the plaintiff and texted her to be a friend. The two did exchange phone numbers and many of the allegations are subjective to phone text messages. Plaintiff believed the connection would afford her accommodations. **A.M. v. Albertsons, LLC :: 2009 :: California Court of Appeal Decisions** Justia Law › cases › california › court-of-appeal.

The Plaintiff was told by Musselwhite she was too old and needed to find a different position. This was a violation of Age Discrimination (Title VII violation of 1967) 1967, 29 U.S.C.§621, et seq., (ADEA) *Kleber v. CareFusion Corp., No. 17-1206 (7th Cir. 2019)*. "Musselwhite," stalked her, texting her at all times. The Plaintiff felt this was abuse of power by a supervisor and a form of harassment. This was unwelcome because the Plaintiff believed Musselwhite had an ulterior motive as to following her, texting her as late as 11:05 PM the night before her Constructive Termination.

The Plaintiff believed her disabilities were the primary reason for Musselwhite creating a hostile work environment as discussed on August 12,2021 with Byron Mudd in HR. "Mudd" stated a face-to-face complaint could be filed. The Plaintiff is Disabled and was at the time of her wrongful termination. Constructive Termination occurred before a complaint could be made. The Plaintiff did in fact mention this was an EEOC violation to Mudd and Shields prior to her termination. Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999).

Plaintiff only wanted to work for Cape Fear after her car accident, even gained her BSN to enable her to return to Cape Fear Valley Medical Center/ CCHS. Plaintiff completed her BSN while often hospitalized related to her multiple disabilities. Plaintiff gave up her disability income and the freedom of not working to be the Bachelor Educated Registered Nurse only to return to CCHS. Plaintiff even completed an RN Refresher Course through UNC and Southern Regional

Health Education Center (SRHEC) to keep her current in nursing practice This required completing Modules and passing exams to complete the courses. The Plaintiff did Pass with an "A" score in all modules and exams.

### 3. RETALIATION

The plaintiff spoke with Alvan Robinson, a Senior Investigator of the EEOC about the elements of retaliation. He did believe that Discrimination occurred and was committed to rule against the Defendant. "Robinson of the EEOC," offered the Defendant an opportunity for CONCILIATION. Michael Becker attorney on staff with CCHS refused any action and ended a three-way video conference between the EEOC, plaintiff, and defendant's counsel. Attorney Becker is no longer a party to this complaint.

The Plaintiff has listed all the elements to meet the criteria of Retaliation with this court and according to the Honorable Magistrate Court Judge Numbers all the elements to meet retaliation have been met. Therefore, even though it was not mentioned in the EEOC report does not preclude the Magistrate Court Judge Numbers from making his own determination in Plaintiff's complaint. Moklerv. County of Orange (2007) 157 Cal.App.4th 121 [same]; Hagerv. County of Los Angeles (2014) 228 Cal.App.4th 1538, 1540

Plaintiff respectfully agrees with this court and agrees the elements have been met and requests the court allow this complaint to proceed and deny the defendant the right to have it dismissed per their request. "Shields" stated, "You are being Terminated Today!" to the Plaintiff. After, the plaintiff tried multiple times to reach "Shields" on the day prior to the final meeting. "Shields," as HR Manager refused to try to resolve any conflicts or offer any type of accommodations. Plaintiff was simply lied about by her PCM and HR refused to allow the Plaintiff

any of her constitutional rights. "Shields is a black African American female and Bryon Mudd with HR is also a black African American male. Plaintiff is Caucasian. Plaintiff believes her discharge was also a form of "Reverse Discrimination." *PHILLIPS v. STARBUCKS* CORPORATION, No. 1:2019cv19432 - Document 179 (D.N.J. 2023) case opinion from the District of New Jersey US Federal District Court. Plaintiff was simply terminated for False Allegations and due to her white, Caucasian Race and previously mentioned disabilities .<u>Parker v. Reema Consulting Services, Inc</u>, No. 18-1206 (4th Cir. 2019).

## II. **RESPONSE OF THE CASE**

Plaintiff acknowledges she filed a Pro Se Complaint against the Defendant on February 5th, 2024. Plaintiff reported her claims against Defendant as a response to her Constructive Termination by the ("Defendant"). Plaintiff has acknowledged her complaint of wrongful termination of her employment on multiple grounds and the Defendant banning her from working at any of the Defendant's facilities because of discrimination, harassment, and retaliation, based on her age, race, ethnicity, and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

On February 7th, 2024, pursuant to 28 U.S.C.§ 6363 (b)(1), the Court referred this matter for frivolity review in which Magistrate Judge Numbers issued a Memorandum and Recommending that the Court dismiss all the Plaintiff's claims (without prejudice) except a Title VII retaliation claim. On May 30th, 2024 Plaintiff did in fact object to Magistrate Judge Numbers' M&R. On June 10, 2024 the Court entered an Order overruling Plaintiff's objection to the M&R. Presently the only claim that remains before the Court is a retaliation claim determined by Magistrate Court Judge Numbers', after a review of all claims and his determination, the other actions are indeed listed as without prejudice and can be refiled in a proper manner for review with Magistrate Court Judge Numbers'.

The Defendant is requesting the Plaintiff's complaint to be dismissed with Prejudice to further prevent the Plaintiff from presenting an actionable claim and fails to acknowledge this case has merit and should be heard for relief of it's wrong doings and violation of her Civil Rights based on (Title VII) and her Constitutional Right as Amended, First Amendment Freedom of Speech as it was amended (ratified on December 15th, 1791), and Fifth Amendment without due process, without compensation, and Fourteenth Amendment (ratified on July 9th, 1868) which grant her Right to Life, Liberty and Property, nor deny to any person within its jurisdiction the equal protection of the laws . The Plaintiff respectfully requests the courts deny the defendant the right to have her complaint dismissed as requested.

The Plaintiffs response to the Defendants "Statement of Facts" acknowledged her employment August 19, 2019, as a Registered Nurse("RN"). The Plaintiff acknowledges her employment in multiple departments including Brain Injury Rehabilitation, the Emergency Department, and Oncology. The Plaintiff acknowledges she transferred to the Oncology department in early March of 2021. She acknowledges at the time she inquired about two open positions: a Patient Care Manager ("PCM") and a Nurse Educator Position. Plaintiff acknowledges an expressed interest in both positions to Heather Mason and Alicia Shields, Defendant's Employee Relations, and Human Resource Director ("Shields"). Both positions required three to five years of experience according to Cape Fear Valley Medical Facility based on CFVMC website.

The plaintiff agrees that she was not considered for either position despite being qualified. The positions were filled with younger, less experienced nurses. The defendant has denied charges and plaintiff's allegations, and asserts that it had a legitimate, non-discriminatory reason for terminating Charging Party's employment. Plaintiff denies the Defendant had a valid or legitimate reason for wrongful termination. The defendant did violate plaintiff with age discrimination. A

violation of the 1964 Civil Rights acts as Amended to include Age Discrimination of 1967, 29 U.S.C.§621, et seq., (ADEA). Therefore, the plaintiff denies this statement on behalf of the defendant. *Kleber v. CareFusion Corp., No. 17-1206 (7th Cir. 2019)*.

On May 11, 2021, Plaintiff underwent major foot surgery, which caused an impairment and an inability to walk, and admits physical therapy was required. The plaintiff applied for leave under the Family Medical Leave Act and was released to return to work on August 9, 2021. Upon Plaintiffs return to work she agrees the new PCM, Jerri Lynn "Musselwhite" did in fact begin following her and taking notes and "Musselwhite" refused to offer any type of accommodations even though it was visibly obvious that plaintiff was suffering with every step.

Plaintiff does acknowledge that Musselwhite asked her "the Plaintiff" her age of 58 years of age at the time and Musselwhite acknowledged she was late 40's with no plans to do bedside nursing that is why she went into management. Musselwhite did state plaintiff was too old and needed to find a different position. Once again this did violate Plaintiff's civil rights. Therefore, the defendant agrees with age discrimination in and through its statement. A violation of the 1964 Civil Rights Act as Amended to include Age Discrimination of 1967, 29 U.S.C.§621, et seq., (ADEA) *Kleber v. CareFusion Corp., No. 17-1206 (7th Cir. 2019)*.

Plaintiff agrees that she spoke with Byron Mudd ("Mudd") with Human Resources August 12,2021. "Mudd" recommended a grievance about the discrimination encountered by "Musselwhite." The plaintiff was informed this was required while she was at the facility and could be done then and only then. Plaintiff acknowledges "Musselwhite," texted her on August 26, 2021, at 11:05 PM on her day off to come in late to discuss some things. The plaintiff was scheduled to work on August 27, 2021. Plaintiff was informed Emilee would cover her patients, and "Musselwhite" instructed plaintiff to speak with no one on that date.

Plaintiff did not become aware of the message until 5:00 AM on August 27, 2024, Plaintiff had a meeting with Musselwhite and Shields the morning of August 27,2021. Plaintiff acknowledges she had communications with Musselwhite via text message prior to her termination. However, after requesting accommodation and even contacting Shields via telephone calls and extensive voice mails with Shields on the day prior to her termination.

Plaintiff was misled by "Musselwhite" with the excuse for the meeting. The plaintiff thought her accommodation were being considered or arranged. The harassment by "Musselwhite" became so bad Plaintiff afforded a letter of Resignation to "Musselwhite" to stop the harassment.

Plaintiff later requested to rescind her resignation even requesting "Musselwhite" to grant her a right to rescind her resignation. Plaintiff called and spoke with "Shields" on August 26, 2021. She was informed that "Musselwhite" had to make that determination through a telephone conversation with Alicia Shields. Instead, a meeting occurred on August 27, 2021, between Plaintiff, "Sheilds" and "Musselwhite". Plaintiff was wrongfully accused of being racist and constructively terminated. Plaintiff agrees, she has been banned from working at any of the Defendant's facilities. Plaintiff was rejected and denied a face-to face meeting with "Shields" prior to her Constructive Termination.

The defendant acknowledges she was wrongfully accused of being racist and was forced to sign a letter of resignation against her will. The plaintiff signed the letter stating a denial. Plaintiff never stated anything about color, race, or ethnicity to anyone. However, she believes her race and disability were factors for her Constructive Termination not Racism. In fact, Plaintiffs rights were violated, accommodations were denied in violation of 42 U.S.C.§12112(a), and 5(a), 5(b), (6), (7).

Case No                                                                                                                   Page 14 of 19
Case 5:25-cv-00159-D-RJ     Document 1     Filed 03/24/25     Page 14 of 19

Plaintiff denies being racist. The plaintiff acknowledged she has participated in relationships with people of different races and ethnicities. She has family members of other races and ethnicities. Plaintiff can call witnesses and present photos of individuals and subpoena witnesses with whom she was intimately involved with prior to these allegations and wrongful dismissal.

"Musselwhite" failed to investigate and provided hearsay evidence to Human Resources and Alicia Shields as the Human Resource Manager failed to ask if the allegations were truthful or factual. "Musselwhite," asked Plaintiff if she gave the Black man in 512 his pain medication. The Defendant failed to investigate or log on to the computer instead she asked her from across the hall, violating the patient's HIPPA rights, and stating there was a Black man in room 512. The Plaintiff denied referring to the male in 512 as any race and only referred to him after being questioned by "Musselwhite" in the hallway. "Musselwhite," determined on August 26th, 2021, only one day before her Constructive Termination Plaintiff was racist without a thorough evaluation.

Plaintiff admits she still has close contact with a Black man of African descent with whom she has been friends with since 1997. This relationship had been a close and intimate relationship and remains as friends to this date. She admits to an engagement with another male of a different race or ethnicity. That relationship lasted for greater than three years. These relationships occurred prior to her 2011 employment with the defendant. Plaintiff has pictures and can subpoena witnesses.

Therefore, plaintiff denies the allegations of racism and acknowledges that she was wrongfully dismissed related to her disabilities and violations to her Civil Rights of 1964 as Amended (Title VII) The Plaintiff should have the right for reconsideration based on disability

and the findings of The EEOC determination per Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. 2000e, et seq., (Title VII), the Age Discrimination in Employment Act of 1967, 29 U.S.C.§ 621 et seq., (ADEA) and Title I of the Americans with Disabilities Act of 1990 as amended 42 U.S.C.§12101,et seq (ADA).

The Plaintiff disagrees with the ("Defendant") Cumberland County Hospital Systems, Inc. d/b/a Cape Fear Valley Medical Center as its counsel has submitted statements to Support its Motion to Dismiss the Complaint of Hoyle (Plaintiff) for failure to exhaust administrative remedies pursuant to Local Rules 7.1 and 7.2, and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint has been addressed in Magistrate Court Numbers Memorandum and Recommendation and allowed to Proceed, and other actions were dismissed without prejudice which allow the Complaint Amendment and its Plausibility before this court.

## LEGAL STANDARD

### A. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction can either consist of a "facial" challenge or a "factual" challenge. The plaintiff denies this applies to complaint. The Plaintiff respectfully requests to deny defendants motion to dismiss as the facts to proceed have been met. Defendants counsel has not found a comparable case as it stated *Kerns v United States, February 25, 1933: 585 F.3d 187,192 (4th Cir.2009)*. This case was based on a wartime disability and prior to the development of the Social Security Administration, which was founded by Franklin D. Roosevelt on August 14, 1935. And does not apply to Plaintiff's complaint. Therefore, Plaintiff respectfully requests that the court allow the Complaint to withstand their meritless argument. Furthermore, denying defendants request for the Plaintiffs Complaint to be dismissed.

### B. 12(b)(6)

Under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." The Plaintiff agrees with the above statement, however, the argument by the defendant fails to apply their cases as a reason for dismissal of the complaint as all facts have been met. The Plaintiff respectfully requests that defendants' motion for dismissal be denied and the complaint allows them to stand and move forward to proceed before a jury of her peers.

### III. ARGUMENT

**Plaintiff has <u>NOT</u> Failed to Exhaust her Administrative Remedies as it Relates to a Title VII Retaliation Claim.** Plaintiff did file her EEOC Complaint on 02/04/2022 and the Complaint was signed 02/22/2022 within her 180 days as required by Federal law after her Constructive Dismissal on 08/27/2021. The EEOC guidelines were met with Charge No 433-2022-00174. The Notice of Right to Sue was submitted on 11/27/2023 after a failed conciliation between the Plaintiff and the Defendant. The Right to Sue Letter provided instructions based on their criteria, and a Federal Lawsuit must be filed within 90 days. The Federal Lawsuit was filed on 02/05/2024 for Title VII violations. The Defendant alleges the complaint was time Barred. Plaintiff filed her claim with the EEOC to meet with the accordance of Federal Guidelines.

The EEOC determined that Plaintiff had been discriminated against. The Plaintiff filed her Federal Court Complaint and Magistrate Court Judge Numbers agreed with the facts as presented to his courts of Retaliation without regard to the full discretion of the EEOC. The Court has ruled that the Plaintiff has taken plausible action. Therefore, the Plaintiff respectfully requests the court to allow the Amended Complaint to withstand the Defendant's argument and deny their motion for dismissal allowing the Plaintiff the right to express her First Amendment Right and allow the Retaliation Claim to withstand the dispute of the defendant as it was allowed to proceed by Magistrate Court Judge Numbers'.

### IV. CONCLUSION

The plaintiff has suffered immensely because of her wrongful dismissal and was reinstated to disability by the Social Security Administration after an extended hospitalization September 2023, after being forced to work as a travel nurse 48 to 60+ hours in different cities far from home per week not being allowed to come home on her days off. This resulted in extensive illness and lengthy hospitalizations in two different hospitals. She had to travel back home by ambulance, a three-hour ride, with a Nasal Gastric tube to pump stomach contents as her small intestines stopped working. The plaintiff had no bowel sounds and was at risk of death, causing additional pain and suffering. Because the Plaintiff had to find work hours away from home because of her Constructive Termination preventing her from working for any of the Cape Fear Valley Medical Center Facilities at any location close to home.

The Plaintiff has presented a plausible argument and forgoing reasons, the Plaintiff respectfully requests the Court the right to proceed with her complaint and Deny the Defendant the Right to have any of her arguments dismissed with prejudice, granting her civil rights, the Freedom of Speech, to allow this case to proceed, and her the right to Due Process under both State and Federal Law, and the Fourteenth Amendment the Right to Life, Liberty and Property. The Plaintiff requests the Right to continue and respectfully requests the Court to Deny any claim brought before this court to be Dismissed by the Defendant for any stated reason brought by their response and Motion to Dismiss.

## V. PRAYER FOR RELIEF

Wherefore the Plaintiff respectfully prays the court to:

A. Grant a permanent injunction enjoining the Defendant, as well as its officers, successors, assigns and all persons in active concerts or participation with them, from engaging in unlawful employment termination based on disability and in retaliation for opposition to employment practices by state and federal law.

B. Enter a judgment against the Defendant with respect to Plaintiff's Cause of Action and order the Defendant to pay the Plaintiff Compensatory damages plus prejudgment interest back to the date of her termination, in an amount more than $50,000.00 (Fifty Thousand Dollars).

C. Award Plaintiff, her cost and reasonable legal and/or attorney fees in this action and reimbursement to this court of any fees incurred with the cost related to the expense of this case.

D. Award the Plaintiff with such further and different relief to the plaintiff as the Court deems necessary and appropriate under the circumstances in an amount more than $50,000.00 (Fifty Thousand Dollars).

E. Award the Plaintiff lost wages pre termination and post termination in the difference between plaintiff's hourly wages of $28.02 for her years of experience and the $95.00 per hour paid to Robert RN traveler.

F. Award Plaintiff lost wages post termination and future wages of an amount greater than $50,000.00 (Fifty Thousand dollars).

G. Award Plaintiff Pecuniary Damages of an amount greater than $150,000.00 (One Hundred Fifty Thousand dollars).

H. Award Plaintiff Damages due to the egregious actions taken by Cumberland County Hospital Systems Inc. and its agents against her in an amount of greater than $50,000.00 (Fifty Thousand dollars).

I. Award Plaintiff damages for pain and suffering related to multiple hospitalizations and hospital visits related to GI disorders as a direct result of the actions by the defendant an amount greater than $150,000.00 (One Hundred Fifty Thousand dollars).

J. Award Plaintiff such further and different relief to the Plaintiff as the Court deems necessary and appropriate under the circumstances.

## VI. JURY TRIAL DEMANDED

The plaintiff demands a jury Trial regarding this matter alleged herein

March 21, 2025

Rise' H. Hoyle
*Pro Se* Plaintiff
7702 Eunice Drive
Fayetteville, North Carolina 28306
(910) 676-2956